[Civ. No. 24361. Fourth Dist., Div. One. June 23, 1982.]

ROBERT J. HUMMELL et al., Plaintiffs and Appellants, v.
REPUBLIC FEDERAL SAVINGS AND LOAN ASSOCIATION
et al., Defendants and Respondents.

50

COUNSEL

Fred Crane and Robert E. Boehmer for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

OPINION

REED, J.*—Robert J. and Lorraine L. Hummell, plaintiffs, appeal a condition attached to a preliminary injunction obtained by them to stop foreclosure on a trust deed.

The Hummells bought real property expecting to assume a first trust deed with interest at an annual percentage rate of 9.50. The trust deed contains a due-on-sale clause and is held by Republic Federal Savings

---

*Assigned by the Chairperson of the Judicial Council.

and Loan Association, a federally chartered institution. The Hummells' attorney notified Republic of the transfer of title, whereupon Republic filed a notice of default claiming the transfer violated the due-on-sale clause.

The Hummells sued for declaratory relief, attorney fees, slander of title and an injunction against the forced sale. The parties stipulated at trial that the legal issues in this case are the same as those presented in *de la Cuesta* v. *Fidelity Fed. Sav. & Loan Assn.* (1981) 121 Cal.App. 3d 328 [175 Cal.Rptr. 467]. In *de la Cuesta* the court held *Wellenkamp* v. *Bank of America* (1978) 21 Cal.3d 943 [148 Cal.Rptr. 379, 582 P.2d 970] applied to federally chartered banks and was not preempted by federal regulations allowing due-on-sale clauses. The United States Supreme Court granted certiorari and heard argument on the preemption issue (*Fidelity Fed. Savings & Loan Assn.* v. *de la Cuesta*, noted probable jurisdiction 455 U.S. 917 [71 L.Ed.2d 458, 102 S.Ct. 1272]). No decision has yet been issued.

The trial court granted a preliminary injunction to stop the foreclosure proceeding conditioned upon the Hummells posting a bond of $1,500 and making monthly payments to Republic of principal and interest at a rate of 15 percent.

The Hummells claim the trial court abused its discretion by conditioning the grant of the preliminary injunction on their making payments at a higher interest rate than specified in the note secured by the trust deed. They argue a higher interest rate is in the nature of a prejudgment attachment and insist Republic is adequately protected by an injunction bond. Republic has not responded to this appeal.

■ Upon granting a preliminary injunction, a court must require a bond (Code Civ. Proc., § 529) or allow a deposit in lieu thereof (Code Civ. Proc., § 1054a) to protect the party against whom the injunction lies. The amount of bond is fixed by the judge, exercising sound discretion, based on the probable damage the enjoined party may sustain because of the injunction (see Code Civ. Proc., § 529).

Here the only indication or evidence of potential damage, if sustained, would be pecuniary. While a court may exercise injunctive power upon conditions protecting all interests affected by the injunction (*County of Inyo* v. *City of Los Angeles* (1976) 61 Cal.App.3d 91, 100 [132 Cal.Rptr. 167]), the conditions imposed must relate directly to the

interest to be protected. A pecuniary interest is protected by a bond or money deposit.

Presumably, in setting the amount of the bond the court considered the potential damages to the enjoined party. In any event, upon remand the court will have that further opportunity (*Greenly* v. *Cooper* (1978) 77 Cal.App.3d 382, 390 [143 Cal.Rptr. 514]).

Accordingly, the condition imposed here requiring payment of monthly interest computed at a higher annual interest rate than that contained in the acquired note was improper.

We remand for proceedings consistent with this opinion.

Cologne, Acting P. J., and Wiener, J., concurred.

On July 19, 1982, the opinion was modified to read as printed above.